UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAMOND BYRD,

    Plaintiff,

v.                                    CASE NO. 6:12-cv-1845-Orl-18KRS

OFFICER VASQUEZ,

    Defendant.

_____

## ORDER OF DISMISSAL

Plaintiff, a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

> (b)   Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)   seeks monetary relief from a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that on July 1, 2010, Defendant Vasquez ordered him to exit the shower backwards. Defendant Vasquez did not assist Plaintiff, who was handcuffed, as he exited the shower. As a result, Plaintiff slipped and fell due to a puddle of water in front of the shower. No water mats were located outside of the shower nor were any signs in the area indicating a wet floor. Plaintiff suffered a concussion, busted lip, chipped teeth, cracked crowns, migraines, and nose infections as a result of the slip and fall.

Plaintiff's complaint fails as a matter of law. Section 1983 may not be used to bring a generalized negligence-based tort suit in federal court. *Ansley v. Franks*, No. CV410-176, 2010 WL 4007626, *1 (S.D. Ga. Aug. 30, 2010). To state an Eighth Amendment prison conditions suit relating to the slip and fall, Plaintiff must show:" (1) that the alleged failure in maintenance was, 'objectively, sufficiently serious' and resulted 'in the denial of the minimal civilized measure of life's necessities,' and (2) that prison officials charged with performing the maintenance were deliberately indifferent to 'an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Constitutional violations in the nature of Plaintiff's claim "require considerably more than negligence. "

*Id.* (citing *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) for the proposition that "the subjective component of the deliberate indifference test requires more than even gross negligence"). Plaintiff, therefore, must establish that an "official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837).

In the instant complaint, Plaintiff has not alleged that Defendant Vasquez knew that the puddle of water outside of the shower presented a significant risk of serious harm or that he callously chose to disregard that risk. Consequently, Plaintiff's "garden variety slip and fall negligence claim fails as a matter of law." *Id.* at *2; *see also Daniels v. Williams*, 474 U.S. 327 (1986) (prison official's negligence in failing to protect inmate from harm does not give rise to a cause of action under § 1983); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1977) (dismissing as frivolous a prisoner' § 1983 complaint alleging negligence in connection with a slip and fall in the bathroom); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (same); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); *Mallard v. Roberts*, 2006 WL 1431570 at *4 (M.D. Ga. May 19, 2006).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **DENIED**.

3. The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida this _21_ day of December, 2012.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 12/21
Shamond Byrd